UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4803

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BEN VAZQUEZ-ESCALARA, a/k/a Bruce,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:07-cr-00041-JPB-JES-4)

Submitted:  December 23, 2008        Decided:  January 8, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant.  Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ben Vazquez-Escalara pled guilty to aiding and abetting the possession with intent to distribute approximately fifty-eight grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and 18 U.S.C. § 2 (2006). The district court sentenced him to a 120-month term of imprisonment, the statutory mandatory minimum sentence. On appeal, counsel has filed an Anders[1] brief, stating that there are no meritorious issues for appeal but questioning whether the district court committed plain error in accepting Vazquez-Escalara's guilty plea. The Government has moved to dismiss the appeal based upon Vazquez-Escalara's waiver of appellate rights. We deny the motion to dismiss and affirm.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

question of law that we review de novo.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Vazquez-Escalara knowingly and voluntarily waived the right to appeal his sentence.[2]  Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Vazquez-Escalara's conviction that may be revealed by our review pursuant to Anders.  Our review of the transcript of the plea colloquy leads us to conclude that the district court fully complied with the mandates of Rule 11 in accepting Vazquez-Escalara's guilty plea. The district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).  Thus, we deny the Government's motion to dismiss and affirm the conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver.  We therefore affirm Vazquez-Escalara's conviction.  This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the

---

[2] Vazquez-Escalara, however, does not appeal any aspect of his sentence.

3

United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
